**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-7298**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

WILLIAM HENRY MULDROW, a/k/a William Cooper, a/k/a Willie, a/k/a Fred Washington,

                Defendant – Appellant.

---

**No. 15-7608**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

LUIS GOMEZ,

                Defendant – Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:03-cr-00555-AW-3; 8:95-cr-00267-DKC-14)

---

Argued: October 26, 2016          Decided: December 27, 2016

---

Before DUNCAN and AGEE, Circuit Judges, and Bruce H. HENDRICKS, United States District Judge for the District of South Carolina, sitting by designation.

---

Affirmed by published opinion. Judge Duncan wrote the opinion, in which Judge Agee and Judge Hendricks joined.

---

**ARGUED:** Sapna Mirchandani, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellants. Sujit Raman, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

DUNCAN, Circuit Judge:

Defendants William Henry Muldrow ("Muldrow") and Luis Gomez ("Gomez") challenge the district court's determination that the Guidelines commentary--as amended by United States Sentencing Guideline Amendment 759 ("Amendment 759")--requires a district court at resentencing to calculate the "applicable guideline range" without applying any departures or variances from a defendant's original sentencing range. For the reasons that follow, we affirm the district court and join all of our sister circuits that have considered the issue in holding that Amendment 759 binds sentencing courts.

I.

A.

Both Defendants were convicted of drug offenses in unrelated cases--Muldrow in 2006 and Gomez in 1996. This court consolidated their appeals.

Muldrow pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five or more grams of cocaine and oxycodone, on January 19, 2006. At his sentencing on March 29, 2006, the district court adopted the findings of the presentence report with one exception. It departed from a criminal history category VI to a category V because it found Muldrow's criminal history category

3

overrepresented the seriousness of his criminal record. U.S.S.G. § 4A1.3. Employing an offense level 34 and a post-departure criminal history category V, the district court calculated a guideline range of 235 to 293 months and sentenced Muldrow to 235 months in prison.

A jury convicted Gomez of one count of conspiracy to distribute cocaine, and one count of possession with intent to distribute cocaine, on June 29, 1996. At sentencing, the district court calculated his guideline range based on an offense level 44 and a criminal history category III, resulting in a then-mandatory guideline sentence of life imprisonment. On November 6, 1996, the court imposed a life sentence, but subsequently granted Gomez's 28 U.S.C. § 2255 petition in part, vacating his sentence. The district court recalculated Gomez's guideline range as 360 months to life imprisonment based on an offense level of 41 and a criminal history category II. Like Muldrow, Gomez received a downward departure under § 4A1.3 because the district court found that a criminal history category III overstated the seriousness of his criminal record. The court resentenced Gomez on February 27, 2006, imposing a below-guideline-range sentence of 340 months.

B.

In 2014 and 2015, Defendants separately filed motions for resentencing under 18 U.S.C. § 3582(c)(2) based on the

4

retroactive application of United States Sentencing Guideline Amendment 782. U.S.S.G., app. C., amend. 782 (2014) ("Amendment 782"). Amendment 782 reduced the base offense level for drug offenses by two levels. Id. The United States Sentencing Commission ("Commission") has the power to make its amendments retroactive, and although it has done so sparingly, it did so with Amendment 782 by listing it in subsection (d) of § 1B1.10 of the Guidelines Manual. U.S.S.G. § 1B1.10(d); United States v. Williams, 808 F.3d 253, 263 (4th Cir. 2015). Before the district court, the parties agreed that Defendants are eligible for relief under Amendment 782, which altered the Defendants' "amended guideline range." They dispute the extent of relief authorized based on the calculation of this range.

Each Defendant argued that the district court should calculate his guideline range at resentencing by using the post-departure criminal history category determined at his original sentencing. However, the district court did not reduce the sentences to the extent Defendants requested. At resentencing, the district court instead chose to calculate their ranges using their pre-departure criminal history categories. After recalculating the guideline ranges in this manner, the district court reduced each Defendant's sentence to the low end of his amended guideline range.

5

For Muldrow, the district court granted relief in part on July 29, 2015, reducing his sentence from 235 months to 210 months--the low end of the amended guideline range using a pre-departure criminal history category. For Gomez, the district court granted relief in part on October 6, 2015, reducing Gomez's sentence from 340 months to 324 months--the low end of the amended guideline range using a pre-departure criminal history category.

The district court based its decisions to use a pre-departure criminal history category on a separate guideline amendment--Amendment 759. U.S.S.G., app. C., amend. 759 (2011). Specifically, the district court found that Amendment 759 (1) precluded the district court from considering § 4A1.3 departures during resentencing, and (2) abrogated this court's prior decision in United States v. Munn, 595 F.3d 183 (4th Cir. 2010), which had adopted Defendants' desired approach. Both Defendants appealed.


II.

On appeal, Defendants argue that the district court incorrectly deemed itself bound by Amendment 759, and thus, erred in not granting them greater relief. According to Defendants, the district court should have applied § 4A1.3 departures when calculating their applicable guideline ranges.

6

The government counters that the district court properly followed Amendment 759 in calculating Defendants' applicable guideline range because Amendment 759 is consistent with the Guidelines and abrogated Munn.

"We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). For the reasons that follow, we affirm the district court.

A.

Our decision today respects a congressionally mandated--and Supreme Court sanctioned--balance between the interpretive power of the Commission and our duties as an Article III court. With the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., Congress established the Commission and authorized it to (1) promulgate Sentencing Guidelines and (2) issue policy statements governing application of the Guidelines. See 28 U.S.C. §§ 991, 994(a); Stinson v. United States, 508 U.S. 36, 40–41 (1993). The Commission also issues commentary to the guideline provisions and policy statements. Stinson, 508 U.S. at 41.[1] In interpreting the Guidelines, commentary "is

_____

[1] Commentary has several different purposes:

(Continued)

7

authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading, of that guideline." Id. at 38.[2]

In addition, Congress entrusted the Commission with the power, and duty, to periodically review and revise the guideline provisions, policy statements, and commentary. 28 U.S.C. §§ 994(o), 994(p), 994(u); United States v. Braxton, 500 U.S. 344, 348 (1991). This power includes the ability "to override our precedent through amendments to the Guidelines."

---

> First, it may interpret the guideline or explain how it is to be applied. Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal. See 18 U.S.C. § 3742. Second, the commentary may suggest circumstances which, in the view of the Commission, may warrant departure from the guidelines. Such commentary is to be treated as the legal equivalent of a policy statement. Finally, the commentary may provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline. As with a policy statement, such commentary may provide guidance in assessing the reasonableness of any departure from the guidelines.

U.S.S.G. § 1B1.7; see also Stinson, 508 U.S. at 41.

[2] In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court invalidated statutory provisions that made the Guidelines Mandatory, and held that courts must treat the Guidelines as advisory. 543 U.S. at 265. Although the Court decided Stinson before Booker, we have no reason to reject the Stinson holding regarding commentary's binding effect. See United States v. Shell, 789 F.3d 335, 340 (4th Cir. 2015) (citing Stinson as good law).

_Williams_, 808 F.3d at 258. With this framework in mind, we turn to the Guidelines applicable to sentencing reductions.

B.

Under the Sentencing Reform Act, a federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Congress has provided an exception to that rule: when the Commission makes a Guidelines amendment retroactive, a district court may reduce an otherwise final sentence based on the amended provision, as long as the reduction remains consistent with applicable Commission policy statements. Id.

In considering whether and by how much to reduce a sentence under § 3582(c)(2), a district court follows a two-step inquiry. _Dillon v. United States_, 560 U.S. 817, 826 (2010). The court first "follow[s] the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 827. Specifically, § 1B1.10(b)(1) requires the court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time" of the

9

defendant's initial sentencing. U.S.S.G. § 1B1.10(b)(1).[3] At step two, a district court considers relevant sentencing factors to determine whether, in its discretion, a reduction "is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

C.

This appeal--and the issue in Munn--concerns how a court calculates the amended guideline range at step one. In particular, the parties dispute whether the resentencing court calculates the range using a pre-departure criminal history category or a post-departure criminal history category. In Munn--decided prior to Amendment 759--this court held that a defendant's applicable guideline range is determined after applying any departures. 595 F.3d at 192–95. Therefore, the defendant in Munn--a career offender who received a departure for overrepresentation of criminal history at his original sentencing--was entitled to have the district court factor in departures before calculating his applicable guideline range for

---

[3] Section 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)) prohibits courts from reducing a term of imprisonment below an amended guideline range's minimum except in certain cases in which the defendant originally received a downward departure for providing substantial assistance to the government. U.S.S.G. § 1B1.10(b)(2). Defendants do not seek terms below their amended guideline ranges. Instead, they challenge the application of Amendment 759 to their resentencing.

10

resentencing purposes.  Id. at 184–85, 194–95.  Other circuits interpreted the Guidelines similarly.  See United States v. Flemming, 617 F.3d 252, 272 (3d Cir. 2010); United States v. Cardosa, 606 F.3d 16, 21–22 (1st Cir. 2010); United States v. McGee, 553 F.3d 225, 229–30 (2d Cir. 2009) (per curiam) superseded by United States v. Montanez, 717 F.3d 287 (2d Cir. 2013) (per curiam). However, three other circuits decided that the applicable guideline range for resentencing was the range produced prior to any discretionary departures, reasoning that a district court cannot depart from a range before it is established.  United States v. Pembrook, 609 F.3d 381, 384 (6th Cir. 2010); United States v. Darton, 595 F.3d 1191, 1197 (10th Cir. 2010); United States v. Blackmon, 584 F.3d 1115, 1116–17 (8th Cir. 2009) (per curiam).

In response to this circuit split, the Commission promulgated Amendment 759.  U.S.S.G., app. C., amend. 759 (2011). Amendment 759 revised the commentary to § 1B1.10, at Application Note 1(A), by defining "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011) (emphasis added); U.S.S.G., app. C., amend. 759 (2011).  In so doing, Amendment 759

11

explicitly "adopt[ed] the approach of the Sixth, Eighth, and Tenth Circuits." U.S.S.G., app. C., amend. 759 (Reason for Amendment).

### III.

The issue on appeal is a narrow one. Defendants do not contest that the Commission can resolve circuit splits and abrogate our prior precedent by promulgating amendments. Instead, they argue that the district court erroneously deemed itself bound by the revised commentary to § 1B1.10 found in Amendment 759 for two reasons: (1) the commentary conflicts with the Guidelines text, and (2) Amendment 759 is not one which by its nature applies retroactively.[4] We consider each argument in turn.

### A.

If the commentary conflicts with the Guidelines text, it cannot bind courts. Stinson, 508 U.S. at 38. In deciding whether commentary conflicts with the Guidelines text, we recognize that the Commission "has the first responsibility to formulate and announce" how guideline provisions should be interpreted. Id. at 45. Cognizant of our role vis-à-vis the

---

[4] Defendants do not argue that the commentary conflicts with the statute. Defendants also do not challenge that the district court has discretion to grant or deny relief at step two of the § 3582(c)(2) process.

12

Commission, this court rarely invalidates part of the commentary as inconsistent with the Guidelines text. See United States v. Shell, 789 F.3d 335, 357 (4th Cir. 2015) (Wilkinson, J., dissenting). This is unsurprising given that "[t]he functional purpose of commentary (of the kind at issue here) is to assist in the interpretation and application of those rules, which are within the Commission's particular area of concern and expertise." Stinson, 508 U.S. at 45.

1.

To argue that the commentary, as amended by Amendment 759, conflicts with the Guidelines, Defendants first point to the text of § 1B1.10(b)(1). That section instructs resentencing courts calculating the "amended guideline range" to "substitute only" the retroactive amendments listed in § 1B1.10(d) and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Defendants claim that this means courts must calculate the amended guideline range without excluding any factor that was taken into account at the original sentencing--that is, "to mirror whatever sentencing findings it originally made." Appellants' Br. at 25. Under Defendants' view, the revised commentary in Application Note 1(A) conflicts with the text of § 1B1.10 because that commentary "expressly prohibits courts from incorporating 'any departure' or 'any

13

variance' into the guideline calculation." Appellants' Br. at 25.

However, Amendment 759 does not conflict with the text. Amendment 759 revised Application Note 1(A) to define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). "Consistent with that definition, U.S.S.G. § 1B1.1(a) makes no mention of departures" or variances. Montanez, 717 F.3d at 292. Rather, a district court calculates departures and variances pursuant to §§ 1B1.1(b) and 1B1.1 (c), respectively, only after determining the applicable guideline range under § 1B1.1(a). See id.; U.S.S.G., app. C., amend. 741 (Reason for Amendment) (explaining the three-step process for calculating sentences). Logically, the phrase in § 1B1.10(b)(1)--"shall leave all other guideline application decisions unaffected"--refers to decisions sentencing courts make in establishing the amended guideline range, which, pursuant to § 1B1.1(a), does not take into account

14

departures or variances.  Therefore, Amendment 759's clarifying definition is consistent with § 1B1.10 of the Guidelines text.[5]

---

[5] Defendants also argue that there is a material difference between "applicable guideline range," in § 1B1.10(a), and "amended guideline range," in § 1B1.10(b).  They assert that these phrases refer to different things--<u>eligibility</u> for sentencing reductions and the <u>extent</u> of relief available, respectively.  Because Amendment 759 inserted a definition to "applicable guideline range," Defendants contend that definition only affects eligibility.  From this premise they argue that Amendment 759 does not preclude a sentencing court from considering departures.  This argument fails.  As the Second Circuit explained, such a position

> ignores the relationship between the "applicable guideline range" and the "amended guideline range." Under § 1B1.10(a)(2)(B), a defendant is not eligible for a reduction if an amendment "does not have the effect of lowering the defendant's applicable guideline range."  In the absence of any change to the applicable guideline range, speaking of an "amended guideline range" makes little sense.  Where an amendment does change the applicable guideline range, however, the court can calculate a new "applicable" range by "substitut[ing] . . . the amend[ed guideline provisions] for the corresponding . . . provisions that were applied when the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).  Section 1B1.10(b)(1) defines this new, applicable range as the "amended guideline range."  The phrase "amended guideline range," then, is simply the name by which the guidelines distinguish one applicable guideline range--<u>i.e.</u>, the one that incorporates guideline amendments--from another--<u>i.e.</u>, the one that applied under earlier versions of the guidelines.  It follows, then, that courts should use the same procedure to calculate both the applicable guideline range and the amended guideline range, departing from that procedure in the case of the amended guideline range only to "substitute . . . the [relevant guideline] amendments." <u>Id.</u> Under the guidelines, courts applying this procedure should not "consider[] any departure provision in the Guidelines

(Continued)

15

2.

In another effort to manufacture an inconsistency, Defendants next point to § 1B1.1--the application instructions for an original sentencing--to suggest that the commentary conflicts with § 1B1.10. Section 1B1.1(a)(6) directs a sentencing judge to "[d]etermine the defendant's criminal history category as specified in Part A of Chapter Four." U.S.S.G. § 1B1.1(a)(6). Downward departures for overrepresentation of criminal history appear in Chapter Four-- specifically at § 4A1.3(b). U.S.S.G. § 4A1.3(b). Under this line of argument, § 4A1.3 departures are integral to determining the applicable guideline range under § 1B1.1(a)(6). Thus, Amendment 759's definition of "applicable guideline range," which excludes such departures, conflicts with § 1B1.10(b)(1)'s instruction to "leave all other guideline application decisions"--including those in § 1B1.1(a)(6)--"unaffected." U.S.S.G. § 1B1.10(b)(1).

This argument reads more into § 1B1.1(a)(6) than the text can support. Section 1B1.1(a)(6) instructs sentencing courts to determine a defendant's criminal history category, but it does

---

Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

Montanez, 717 F.3d at 293 (alteration in original).

not instruct them to follow each section in Part A of Chapter Four. Part A of Chapter Four has three sections, and only the first two sections directly govern how to determine the "criminal history category." Section 4A1.1 is titled "Criminal History Category" and § 4A1.2 is titled "Definitions and Instructions for Computing Criminal History." U.S.S.G. §§ 4A1.1, 4A1.2. By contrast, § 4A1.3 is titled "Departures Based on Inadequacy of Criminal History Category (Policy Statement)." U.S.S.G. § 4A1.3. That § 1B1.1(a)(6) instructs a sentencing judge to determine the criminal history category does not give the judge a license to factor in a departure for overrepresentation of criminal history at that stage. See United States v. Watkins, No. 15-6205, 2016 WL 3924240, at *4 (6th Cir. July 21, 2016) (unpublished) (citing Pembrook, 609 F.3d at 385-86). "[A] court does not depart under § 4A1.3 when calculating a defendant's applicable guideline range, but instead departs from the applicable guideline range under § 4A1.3 after having calculated that range." Montanez, 717 F.3d at 292. Holding to the contrary leads to a nonsensical circularity. A district court cannot factor in a departure from a range in calculating the range itself. See Pembrook, 609 F.3d at 385. "This leads inescapably to the conclusion that a defendant's applicable guideline range under U.S.S.G. § 1B1.10 is his pre-departure guideline range." Id.

17

Here, we see no inconsistency between the Guidelines and the commentary as revised by Amendment 759. We decline to strain the text to create one.

B.

Defendants next contend that Amendment 759 does not apply retroactively. But this argument misses the point. The question is not whether Amendment 759 applies retroactively, but rather whether the district court properly applied Amendment 759 to Defendants who were resentenced after Amendment 759 took effect.

Normally, a sentencing court must apply the edition of the Guidelines in effect at the time "the defendant is sentenced." U.S.S.G. § 1B1.11(a). However, § 3582(c)(2) "requires a sentencing court to adhere to the Commission's policy statement in Guidelines section 1B1.10 when assessing a motion for a sentence reduction." Williams, 808 F.3d at 262. The commentary to § 1B1.10 at Application Note 8, as amended by Amendment 759, instructs that "[c]onsistent with subsection (a) of § 1B1.11 (Use of Guidelines Manual in Effect on Date of Sentencing), the court shall use the version of the policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10, cmt. n.8; see also U.S.S.G., app. C., amend. 759 (2011) (originally adding current application note 8

18

as application note 6).[6]  Because Amendment 759 "went into effect prior to the district court's resolution of [Defendants'] § 3582(c)(2) motion[s], the court was required to assess the motion[s] in light of the now applicable policy statement" as elucidated in the binding commentary revised by Amendment 759. Williams, 808 F.3d at 262.

Nevertheless, Defendants still contend that Munn, decided prior to Amendment 759, should apply to their resentencing.  But "our precedent in the sentence-reduction context must give way if it conflicts with the Commission's amendments."  Id. at 259; see also Braxton, 500 U.S. at 348.  The Commission specifically stated that it promulgated Amendment 759 in response to a split among the circuits, and rejected the approach taken by this court in Munn.  U.S.S.G., app. C., amend. 759 (Reason for Amendment).  As the Supreme Court has recognized, "Congress necessarily contemplated that the Commission would periodically review the work of the courts, and would make whatever clarifying revisions to the Guidelines conflicting judicial decisions might suggest."  Braxton, 500 U.S. at 348; see also 28 U.S.C. § 994(p).  As an amendment to the binding commentary, Amendment 759 applies to Defendants unless it is inconsistent

---

[6] Defendants also argue that application note 8 is inconsistent with the Guidelines. But in Williams this court recognized that application note 8 is consistent with both § 3582(c)(2) and the Guidelines. See 808 F.3d at 262–63.

19

with the Constitution, a federal statute, or the Guidelines. Stinson, 508 U.S. at 38. We rejected above Defendants' argument that the revised commentary introduces an inconsistency. See supra Part III.A. Today we join the Second Circuit in formally recognizing that with Amendment 759 "the Commission has foreclosed the exact approach that [Defendants] now advocate." Montanez, 717 F.3d at 294.

## IV.

Defendants' argument hinges on finding an inconsistency between the commentary and text of the Guidelines. We fail to see one, and decline Defendants' invitation to "recreate the split that the Commission hoped to resolve." Id. at 292 n.2. For this and the foregoing reasons, the judgment of the district court is

AFFIRMED.