**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-7103**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CLAIBORNE LEMAR MAUPIN,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:04-cr-00047-NKM-18)

———————

Submitted:  March 30, 2017          Decided:  May 5, 2017

———————

Before NIEMEYER, DUNCAN, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeremy Gordon, JEREMY GORDON, PLLC, Mansfield, Texas, for Appellant.  John P. Fishwick, Jr., United States Attorney, Ronald M. Huber, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claiborne Lemar Maupin pleaded guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to participating in a racketeering influenced corrupt organization, in violation of 18 U.S.C. §§ 1962(d), 1963 (2012). The parties requested a term of imprisonment of 240 months, and the district court sentenced Maupin accordingly. Maupin appeals from the district court's June 2016 order denying his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) (2012). We affirm.

"We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." United States v. Muldrow, 844 F.3d 434, 437 (4th Cir. 2016) (internal quotation marks omitted). A defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement is eligible for a § 3582(c)(2) sentence reduction only if the agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission." United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (internal quotation marks omitted) (citing Freeman v. United States, 564 U.S. 522, 534 (2011) (Sotomayor, J., concurring)). The plea agreement here is devoid of any Sentencing Guidelines range calculation; therefore, Maupin is

2

ineligible for a § 3582(c)(2) reduction.  In addition, mindful that one panel of this court "cannot overrule a decision issued by another panel," United States v. Williams, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted), we reject Maupin's request to overrule Brown.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3