**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 17-6119**

─────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

FRANK DEMETRIC DICKERSON , JR., a/k/a Frank Dixon, a/k/a Frankie D,

           Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:97-cr-00410-JFM-1)

─────────────

Submitted: May 23, 2017                           Decided: May 26, 2017

─────────────

Before KING, AGEE, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Frank Demetric Dickerson, Jr., Appellant Pro Se. Christine Manuelian, Assistant United States Attorney, Baltimore, Maryland; David Ira Salem, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Demetric Dickerson, Jr., appeals the extent of the district court's 18 U.S.C. § 3582(c)(2) (2012) reduction of his sentence based on an amendment to the Sentencing Guidelines. The court first reduced the sentence to 240 months, but in response to a timely Fed. R. Crim. P. 35(a) motion filed by the Government, the district court amended the judgement to 324 months' imprisonment.

We review for abuse of discretion a district court's order granting or denying a § 3582(c)(2) motion. *United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016). We review de novo the district court's exercise of jurisdiction under Fed. R. Crim. P. 35(a). *See United States v. Olarte-Rojas*, 820 F.3d 798, 804 (5th Cir.), *cert. denied*, 137 S. Ct. 232 (2016). Under § 3582(c)(2), a district court may reduce the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The court cannot reduce the sentence under § 3582(c)(2) to a term less than the minimum of the amended Guidelines range, unless the original sentence was lower than the initial Guidelines range to reflect the defendant's substantial assistance. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2), p.s. (2015). Amendment 782 to the Guidelines lowered the offense levels applicable to most drug trafficking offenses by two levels and is retroactively applicable. *See* USSG § 1B1.10(d), p.s.; supp. app. C, amend. 782.

In granting Dickerson's § 3582(c)(2) motion, the district court ultimately reduced Dickerson's sentence to 324 months, at the bottom of his amended Guidelines range. The Guidelines make clear that Dickerson's sentence could be proportionally reduced even

2

further only if the original sentence had been so reduced based on substantial assistance. USSG § 1B1.10(b)(2)(A)-(B), p.s. & cmt. n.3 (prohibiting reduction below bottom of amended Guidelines range except for departures based on substantial assistance). Because Dickerson's original sentence was not reduced to reflect substantial assistance, the district court was without authority to reduce Dickerson's sentence below the amended Guidelines range; therefore, the court properly amended the 240-month sentence.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*