**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6009**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON P. BELCHER, a/k/a Biz,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:09-cr-00158-3)

Submitted: May 31, 2018                    Decided: June 14, 2018

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jason P. Belcher, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason P. Belcher appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion seeking a sentence reduction under Amendment 750 and Amendment 782 to the U.S. Sentencing Guidelines Manual, USSG app. C., amend. 782 (effective Nov. 1, 2014); USSG app. C, amend. 750 (effective Nov. 1, 2011). For the reasons that follow, we vacate and remand to the district court for further proceedings.

We review for abuse of discretion a district court's decision whether to reduce a sentence under § 3582(c)(2) and review de novo a district court's conclusion regarding the scope of its legal authority under that provision. *United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016). "In considering whether and by how much to reduce a sentence under § 3582(c)(2), a district court follows a two-step inquiry." *Id.* at 438. "The court first follows the Commission's instructions in [USSG] § 1B1.10[, p.s.] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* (brackets and internal quotation marks omitted). "At step two, a district court considers relevant sentencing factors to determine whether, in its discretion, a reduction is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks omitted).

The applicable Guidelines range is the "range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a) . . . *before* consideration of any departure provision in the Guidelines Manual or any variance." *Id.* at 439 (quoting USSG § 1B1.10, p.s. cmt. n.1(A) (2011)). Courts "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement

to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A), p.s.

Belcher's original presentence report recommended a base offense level of 32 due to the quantity of drugs attributable to Belcher. The PSR explained that Belcher was responsible for a marijuana equivalency of 4679.6 kilograms, which, at the time of Belcher's sentencing, had a base offense level of 34, but "because the offense also involved cocaine base combined with other controlled substances, a two-level reduction applies, pursuant to USSG § 2D1.1 [cmt. n.10(D)(i) (2009)]." The marijuana equivalency was based on "196 grams of cocaine base (3,920,000 grams of marijuana); 2.398 kilograms of cocaine powder (479,600 grams of marijuana); and 280 grams of heroin (280,000 grams of marijuana)." The PSR also recommended a 2-level increase for Belcher's possession of a dangerous weapon and a 3-level increase for his role in the offense, resulting in a total offense level of 37. The PSR calculated a criminal history score of 7, placing Belcher in criminal history category IV, and yielding an advisory Sentencing Guidelines range of 292 to 365 months' imprisonment.

At sentencing, the district court declined to apply the recommended 2-level reduction prescribed by USSG § 2D1.1 cmt. n.10(D)(i). However, the court found that (1) the PSR had overestimated the amount of cocaine powder attributable to Belcher, and (2) it was appropriate to apply a 20:1 ratio for the 196 grams of cocaine base attributed to Belcher. Based on these two adjustments, the court determined "that the base offense level should be 30 instead of 34." The court did not clarify the precise quantity of drugs it was attributing to Belcher after the reduction. The court also varied downward on

3

Belcher's criminal history score by one point, which resulted in a change from criminal history category IV to III. Including the adjustments and variances, the court set a Guidelines range of 210 to 262 months' imprisonment, and sentenced Belcher to 216 months.

In 2015, Belcher filed a § 3582(c)(2) motion, seeking to reduce his sentence in light of Guidelines Amendments 750 and 782. In denying Belcher's motion, the district court explained only that "[Belcher's] sentence was the same as the amended guideline under Amendment 782." The court did not address Amendment 750 in its analysis. Amendment 750 significantly reduced the marijuana equivalency for cocaine base. To evaluate the impact of Amendment 750 on Belcher's prevariance offense level, it is necessary to know the marijuana equivalencies of the quantities of heroin and cocaine powder the district court attributed to Belcher. Because the record does not establish the amount of cocaine powder attributed to Belcher, it is impossible to calculate the impact of Amendment 750 on Belcher's sentence.

"Section 3582(c)(2) instructs courts to determine whether a retroactive Guidelines amendment lowers a defendant's sentencing range," and this inquiry "may . . . require the court to supplement its findings [on the drug quantities attributable to defendants] in some circumstances." *United States v. Peters*, 843 F.3d 572, 577-78 (4th Cir. 2016). Here, the quantity of drugs attributed to Belcher at the original sentencing hearing was imprecise, and the court does not appear to have identified the drug quantities with more precision during its § 3582(c)(2) analysis. Moreover, the district court's order denying

4

Belcher's § 3582(c)(2) motion appeared to consider only the impact of Amendment 782, without considering Amendment 750.

Accordingly, we vacate the district court's judgment and remand so the court may consider the precise drug quantities attributable to Belcher and the impact, if any, of Amendment 750 on Belcher's sentence.  If necessary, the court should then consider the relevant 18 U.S.C. § 3553(a) (2012) sentencing factors to determine whether a reduction in Belcher's sentence is warranted.[*]  *See Muldrow*, 844 F.3d at 438.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion on whether a reduction is warranted.