**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6828**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY DUNLAP FRAZIER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:06-cr-00087-1)

Submitted: November 15, 2018                    Decided: November 20, 2018

Before MOTZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry Dunlap Frazier, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Dunlap Frazier appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (2012) and Amendment 782 to the U.S. Sentencing Guidelines Manual. "We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." *United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016) (internal quotation marks omitted). We conclude that the court did not abuse its discretion in denying the motion. At bottom, Frazier's Sentencing Guidelines range remains unchanged after application of the retroactive drug amendments because Frazier qualified for sentencing as a career offender.[*] Accordingly, we affirm the district court's order. *See United States v. Frazier*, No. 3:06-cr-00087-1 (W.D.N.C. June 22, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Frazier's reliance on the Supreme Court's ruling in *Hughes v. United States*, 138 S. Ct. 1765 (2018), is misplaced. Unlike in *Hughes*, Frazier's plea agreement did not include a sentencing stipulation pursuant to Fed. R. Crim. P. 11(c)(1)(C).