**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6549**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALTER JAMES BROWN, II, a/k/a J Chill,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:08-cr-00150-D-1)

Submitted: October 26, 2018                    Decided: December 3, 2018

Before GREGORY, Chief Judge, RICHARDSON and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Walter James Brown, II, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter James Brown, II, appeals the district court's order denying his motions for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2012). In 2009, Brown pleaded guilty to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and the district court sentenced him to 300 months' imprisonment. Brown's first § 3582(c)(2) motion sought a reduction based on Amendment 750 to the United States Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual app. C, amend. 750 (effective Nov. 1, 2011). His second motion sought an additional reduction under Amendment 782 to the United States Sentencing Guidelines. *See* USSG supp. to app. C, amend. 782 (effective Nov. 1, 2014). Both amendments apply retroactively, *see* USSG § 1B1.10, and combine to reduce Brown's advisory Sentencing Guidelines range to 262 to 327 months' imprisonment.

In denying Brown's § 3582(c)(2) motions, the district court applied a higher Sentencing Guidelines range of 324 to 405 months' imprisonment. Although the district court's order was primarily based on the protection of the public, we find that the district court's reliance on an incorrect Guidelines range nevertheless represents an abuse of discretion. *See United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016) (stating standard of review). We therefore vacate the district court's order and remand for consideration of Brown's § 3582(c)(2) motions using the proper Guidelines range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

2