**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4311**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

BOBBY SAMUEL ARNOLD,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00135-RJC-DCK-2)

Submitted:  December 27, 2019          Decided:  January 9, 2020

Before MOTZ, KEENAN, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Cacheris, PLUMIDES, ROMANO, JOHNSON & CACHERIS, PC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Samuel Arnold appeals the 96-month sentence imposed following his guilty plea, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2018), and to distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court reversibly erred in calculating Arnold's criminal history. Arnold was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Arnold's plea agreement.[*] We affirm.

We review Arnold's sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory sentencing range under the Sentencing Guidelines, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the

---

[*] Because the Government fails to assert the appeal waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

selected sentence. *Id.* at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the record establishes that Arnold's sentence is procedurally and substantively reasonable. The district court properly calculated Arnold's offense level, criminal history category, and advisory Guidelines range. We find no merit to Arnold's claim that the district court erred in calculating the criminal history points for his probation revocation sentences. The district court correctly applied U.S. Sentencing Guidelines Manual § 4A1.2(k) (2016), and Application Note 11 and counted Arnold's probation revocation sentences separately. We reject Arnold's suggestion that Application Note 11 conflicts with USSG § 4A1.2(a). *See United States v. Muldrow*, 844 F.3d 434, 441 (4th Cir 2016). ("[T]his court rarely invalidates part of the commentary as inconsistent with the Guidelines text."). The court afforded the parties adequate opportunities to make arguments about an appropriate sentence and heard argument from counsel and allocution from Arnold. After properly considering these matters, Arnold's advisory Guidelines range, and relevant § 3553(a) factors, the district court thoroughly explained its denial of Arnold's request for a downward variance and its reasons for imposing a within-Guidelines sentence. Arnold provides no grounds to overcome the presumption of reasonableness of his sentence.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Arnold, in writing, of the right to petition the Supreme Court of the United States for further review. If Arnold requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Arnold. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*