**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4764**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

KEVIN JAMES GREEN, II,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:19-cr-00008-KDB-DSC-1)

Submitted:  June 30, 2020                        Decided:  August 20, 2020

Before MOTZ, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin James Green, II, appeals his 84-month prison sentence after pleading guilty to possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a), (b)(1)(A) (2018). On appeal, Green contends that the Government breached the parties' plea agreement, which required that the Government "not oppose a sentence at the bottom of the applicable guidelines range." We affirm.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). Because Green did not challenge the Government's purported breach of the plea agreement in the district court, we review his claim on appeal for plain error. *Id*. at 286. "Under that standard, [Green] must show that the government plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87.

As we have held, the term "applicable guideline range" in a plea agreement "means the guideline range determined by the district court," i.e., before variances and departures. *United States v. Tate*, 845 F.3d 571, 578 (4th Cir. 2017); *cf*. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(A) (2018) (defining "applicable guideline range" as "guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance"); *United States v. Muldrow*, 844 F.3d 434, 439-42 (4th Cir. 2016) (following commentary).

2

In their plea agreement, the parties stipulated the drug quantity was between 500 and 1,500 grams, resulting in a base offense level of 30; and Green understood the statutory penalty was a mandatory minimum 10 years up to life in prison. The parties reserved "their right to advocate whether the Defendant should receive a 2-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1)" and agreed "either party may argue their respective positions regarding other specific offense characteristics, cross-references, special instructions, reductions, enhancements, and adjustments, as well as departures or variances from the 'applicable guideline range' (U.S.S.G. § 5C1.1) determined by the District Court at sentencing"; but the Government did "not oppose a sentence at the bottom of the applicable guidelines range." The probation officer determined Green's Guidelines range was 108 to 135 months based on a total offense level 29 and criminal history category III; but due to the statutory mandatory minimum, the range became 120 to 135 months.

Green objected to application of a two-level enhancement for possessing a firearm during the offense. Moreover, based on his four criminal history points, he contended that he was eligible to receive the benefit of the safety-valve statute, 18 U.S.C. § 3553(f) (2018), in light of changes to the statute under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. He additionally contended that he should receive a two-level decrease in offense level pursuant to USSG §§ 2D1.1(b)(18), 5C1.2.

At sentencing, the district court sustained Green's objection to a two-level increase in offense level for possessing a firearm during the offense. The court also found he was eligible for the benefit of the safety-valve statute, allowing the court to sentence him below the mandatory minimum 10 years. However, the court found he was *not* eligible for a two-

3

level decrease pursuant to USSG §§ 2D1.1(b)(18), 5C1.2, because the Guidelines had not been amended and still required that he have no more than one criminal history point. Therefore, the court found that his total offense level was 27; and his advisory Guidelines range was 87 to 108 months in prison. This was his "applicable guidelines range."

Green asked for a downward departure or variance based on his medical conditions and history of substance abuse. The Government agreed that a downward variance was warranted based on the safety-valve Guideline issue but opposed a further variance for the reasons asserted by Green; and the Government argued "an upper variance," i.e., a sentence in the "middle or high end" of the variance range of 70 to 87 months, was warranted based on Green's risks of recidivism. The district court agreed that a two-level variance was warranted based on the safety-valve Guideline issue and sentenced Green to 84 months.

On appeal, Green contends that the Government breached the plea agreement by not advocating for a sentence at the bottom of the variance range. We disagree. By advocating for a variance sentence below Green's advisory Guidelines range, the Government fully complied with its agreement not to oppose a sentence at the bottom of that range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4