**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7815**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LENWOOD WEBSTER DAVIS, a/k/a Tony Lee Miller,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:94-cr-00021-BO-2)

Submitted:  September 30, 2020                          Decided:  October 8, 2020

Before MOTZ and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lenwood Webster Davis appeals from the district court's order granting his motion for a sentence reduction under the First Step Act (FSA), of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221. After receiving a worksheet from the United States Probation Office and considering the parties' arguments for and against imposing a new sentence, the court reduced Davis' term of incarceration to 310 months, a sentence within the revised Sentencing Guidelines range. On appeal, counsel for Davis filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal, but raising for the court's consideration whether Davis should have received a lower sentence. Davis did not file a pro se supplemental brief. We identified two potentially meritorious issues and ordered the parties to submit supplemental briefs addressing: (1) whether the court plainly erred by not reconsidering Davis' status as a career offender under the current Sentencing Guidelines manual, and (2) whether the court erred by not addressing counsel's argument for a sentence at the low end of the recalculated Guidelines range. The parties have complied and the matter is now ripe for disposition. Having conducted a thorough review of the record, we affirm the district court's order.

The FSA rendered the Fair Sentencing Act of 2010 (the Act), Pub. L. No. 111-220, 124 Stat. 2372, retroactive to all sentences imposed prior to the Act's effective date. Section 404 of the FSA provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of [the Act] were in effect at the time the covered offense was committed." First Step Act, § 404(b), 132 Stat. at 5222. A "covered offense" is a federal crime, committed

2

before the Act's effective date, for which the penalties were modified by section 2 or 3 of the FSA.  First Step Act, § 404(a), 132 Stat. at 5222.  However, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222.

"We review the scope of a district court's sentencing authority under the First Step Act de novo."  *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020).  When a sentence reduction is permitted, we review for abuse of discretion the court's decision to grant or deny the motion.  *United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016). 18 U.S.C. § 3582(c)(1)(B), which "is the appropriate vehicle for a First Step Act motion," *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019), permits modification of a previously imposed sentence "to the extent . . . expressly permitted by statute."  Even if a defendant is eligible for relief, whether to grant a sentence reduction remains within the court's discretion.  *Wirsing*, 943 F.3d at 180.

There is no dispute that Davis was eligible for a reduced sentence under the FSA. Here, the Probation Office's worksheet revised Davis' statutory and advisory Guidelines sentence.  Neither the Probation Office nor Davis' counsel took into consideration that, if the current version of the Guidelines manual was used to determine Davis' offense level, he would no longer be considered a career offender.[*]  One of Davis' two predicate convictions, Florida battery, no longer qualifies as a crime of violence under the current

---

[*] If Davis was not considered a career offender, under the current Guidelines manual, his range would be 168 to 210 months' imprisonment.

Guidelines, *see Johnson v. United States*, 559 U.S. 133, 140-42 (2010) (holding that Florida battery is not a violent felony under the force clause of 18 U.S.C. § 924(e)(2)(B)(i)), because the offense qualified as a crime of violence under the Guidelines' residual clause, *see Rozier v. United States*, 701 F.3d 681, 682-83 (11th Cir. 2012), which was removed from the Guidelines in 2016 pursuant to Amendment 798.

Because Davis' counsel did not assert before the district court that Davis would not be a career offender if the current version of the Guidelines was used to determine his Guidelines range, our review is for plain error. *United States v. Muslim*, 944 F.3d 154, 167 (4th Cir. 2019) (noting unpreserved Guidelines challenges are reviewed for plain error). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018). A plain error affects substantial rights if there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). "[T]he *defendant* bears the burden of satisfying each of the elements of the plain error standard." *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009). "If each of those three requirements are satisfied, we possess discretion on whether to recognize the error, but we should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

We conclude that there was no plain error because it was not incumbent upon the district court to consider a revised Guidelines range in accordance with the current version

4

of the Guidelines manual. We further conclude that Davis fails to show that his substantial rights were affected because there is no indication that the court would have imposed a sentence of less than 310 months or time served.

We further conclude that the district court's imposition of a reduced sentence survives plain error review. Davis received the sentence he requested: a within-Guidelines sentence. Davis' counsel never specifically requested a below-Guidelines sentence or a specific within-Guidelines sentence. Thus, we review the court's explanation for the reduced sentence for plain error. *See United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011) (noting that, to preserve challenge to a procedural sentencing error, defendant must argue "for a sentence different than the one ultimately imposed" by referencing the 18 U.S.C. § 3553(a) sentencing factors (alteration and internal quotation marks omitted)). There is no indication that a remand to allow the court to explain the new sentence after considering Davis' postconviction conduct would produce a sentence more beneficial to Davis.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no additional meritorious issues for appeal. We therefore affirm the district court's order granting Davis' motion for a reduced sentence. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately

5

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*