**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6368**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR LOPEZ-GUTIERREZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:10-cr-00032-KDB-DSC-8)

Submitted:  October 28, 2020                                    Decided:  November 4, 2020

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Hector Lopez-Gutierrez, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Lopez-Gutierrez appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 782 to the U.S. Sentencing Guidelines Manual. The district court denied Lopez-Gutierrez's motion, stating that it had previously determined that Amendment 782 did not change the Guidelines calculations.[*] We vacate the district court's order and remand for further proceedings.

We review for abuse of discretion a district court's order denying a § 3582(c)(2) motion. *United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016). "We review factual determinations, like the quantity of drugs attributable to a defendant for sentencing purposes, for clear error[, and give] . . . substantial deference to a district court's interpretation of its own judgment." *United States v. Mann*, 709 F.3d 301, 304-05 (4th Cir. 2013). A court abuses its discretion "when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Briley*, 770 F.3d 267, 276 (4th Cir. 2014) (internal quotation marks omitted).

Under § 3582(c)(2), the district court may reduce the term of imprisonment for "'a defendant who has been sentenced . . . based on a sentencing range that has subsequently

---

[*] There is no jurisdictional prohibition on filing successive § 3582(c)(2) motions. *See United States v. Calton*, 900 F.3d 706, 711 (5th Cir. 2018) (collecting cases and holding "that district courts have jurisdiction to consider successive § 3582(c)(2) motions"); *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245 (11th Cir. 2017) (same); *cf. United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017) (holding that prohibition against "§ 3582(c)(2)-based motions for reconsideration" is not jurisdictional and, thus, is "waived when the government failed to assert it below").

2

been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range." USSG § 1B1.10 cmt. n.1(A).

The district court denied Lopez-Gutierrez's first § 3582(c)(2) motion on the ground that Amendment 782 did not affect his Guidelines range. The court later relied on that ruling to deny the second § 3582(c)(2) motion. To be sure, the law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (quoting *Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (discussing law of the case doctrine in context of district court decision). This doctrine does not apply, however, where "the prior decision was clearly erroneous and would work [a] manifest injustice." *Aramony*, 166 F.3d at 661. Such is the case here.

Lopez-Gutierrez contends that he is eligible for a sentence reduction under Amendment 782, which reduced by two levels the offense level for most federal drug crimes. USSG app. C supp., amend. 782 (2014); *see* USSG § 1B1.10(d), p.s. (applying Amendment 782 retroactively). Lopez-Gutierrez's presentence report ("PSR") held him accountable for 8.3 kilograms of actual methamphetamine. Our review of the sentencing hearing transcript, however, reveals that the sentencing court found by a preponderance of the evidence that 4 kilograms of methamphetamine at 97% purity were attributable to Lopez-Gutierrez. Four kilograms of a mixture and substance containing methamphetamine

3

at 97% purity contains 3.88 kilograms of actual methamphetamine. *See* USSG § 2D1.1(c), n.(B). The court made no finding as to the remaining 4.3 kilograms of attributed actual methamphetamine to which Lopez-Gutierrez objected. Of course, such a finding was unnecessary at the time because, under the Guidelines in effect at Lopez-Gutierrez's initial sentencing, 1.5 kilograms of actual methamphetamine was the threshold amount for a base offense level of 38. Hence, the district court readily concluded that Lopez-Gutierrez qualified for sentencing at base offense level 38.

However, under Amendment 782, the 3.88 kilograms of actual methamphetamine the court found attributable to Lopez-Gutierrez qualifies for a base offense level of 36. *Compare* USSG § 2D1.1(c)(1) (2010), *with* USSG § 2D1.1(c)(2) (2018). Maintaining all other Guidelines adjustments as originally applied, Amendment 782 thus does have the effect of lowering Lopez-Gutierrez's Guidelines range. We therefore conclude that the district court abused its discretion in relying on its earlier erroneous decision concluding that Amendment 782 did not change the Guidelines calculations in Lopez-Gutierrez's case to deny the instant § 3582(c)(2) motion.

Accordingly we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*