**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-6606**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MOHAMMAD JIBAWI,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:21-cr-00141-DJN-3)

———————————

Submitted:  November 19, 2024          Decided:  November 22, 2024

———————————

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Elliott Harding, HARDING COUNSEL, PLLC, Charlottesville, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Carla Jordan-Detamore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad Jibawi appeals the district court's orders denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 821 to the Sentencing Guidelines and denying reconsideration. For the reasons that follow, we affirm.

"We review a district court's decision to grant or deny a sentence-reduction motion under § 3582(c)(2) for abuse of discretion." *United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016). If, as here, the district court determines that the defendant is eligible for a sentence reduction, the court must then "consider[] relevant sentencing factors [under 18 U.S.C. § 3553(a)] to determine whether, in its discretion, a reduction is warranted in whole or in part under the particular circumstances of the case." *United States v. Muldrow*, 844 F.3d 434, 438 (4th Cir. 2016) (internal quotation marks omitted).

At Jibawi's sentencing hearing, the district court imposed a within-Guidelines-range sentence of 87 months' imprisonment. After applying Amendment 821, the court determined that Jibawi's sentence now exceeded his amended Guidelines range of 63 to 78 months. Nevertheless, the court concluded that a sentence reduction was not warranted in light of the § 3553(a) factors, citing the seriousness of Jibawi's fraud offenses, his criminal history, and the need to promote respect for the law and afford adequate deterrence.

On appeal, Jibawi contends that, in denying his § 3582(c)(2) motion, the district court needed to specifically explain or justify its decision to impose what he describes as a de facto upward variance sentence. However, it is well established that "[§] 3582(c)(2) . . . permits only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Peters*, 843 F.3d at 574 (internal quotation marks omitted). And

2

here, the court did exactly what § 3582(c)(2) requires—namely, assessing Jibawi's eligibility for a reduction and then determining whether the § 3553(a) factors justified relief. We therefore discern no abuse of discretion in the court's resolution of Jibawi's motion.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3