**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5094**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARK BELLAMY, a/k/a Big Mark,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (4:03-cr-00474)

Submitted:  May 21, 2009                    Decided:  July 2, 2009

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven  Michael  Hisker,  Duncan,  South  Carolina,  for  Appellant.
Alfred  William  Walker  Bethea,  Jr.,  Assistant  United  States
Attorney,  Florence,  South  Carolina,  for  Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Bellamy appeals his amended judgment convicting him of conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2009). Bellamy's counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious issues for appeal, but raising for the court's consideration whether the district court erred sentencing Bellamy as a career offender and whether it erred denying counsel's request for a downward departure based on Bellamy's post-conviction rehabilitation and his minimal participation in the conspiracy. Bellamy filed a pro se supplemental brief raising several issues. The Government did not file a brief. We affirm.

With respect to the challenges to the career offender designation, we find no error with the type of state convictions used by the district court to reach that designation. See U.S. Sentencing Guidelines Manual § 4B1.1(a) (2002) (defining career offender). Insofar as Bellamy claims one of the prior convictions should not have been considered because it did not become final until after he withdrew from the conspiracy, we note he did not raise this issue in the district court and review is for plain error. United States v. Olano, 507 U.S.

2

725, 732 (1993). We find no plain error because Bellamy cannot show prejudice. His base offense level of thirty-eight and criminal history category VI were also based on drug quantity and the points accumulated for prior convictions and would not have changed even if he was not considered a career offender. In addition, Bellamy had at least one other felony conviction that could have been considered.

Counsel's claim that the court erred by not granting the motion for a downward departure is not reviewable by this Court. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

With respect to the remaining issues Bellamy raises in his pro se supplemental brief, we note that his post-offense rehabilitation was taken into consideration when his offense level was reduced for acceptance of responsibility. We find no error in the court's failure to specifically address this issue when it imposed sentence. See USSG § 3E1.1, comment. (n.1(b),(g)). Bellamy's claim that the district court erred by not reducing his offense level for being only a minor player in the conspiracy is without merit. Review of this issue is for plain error because Bellamy did not raise this issue at sentencing. Olano, 507 U.S. at 732. Bellamy bought, sold, and transported controlled substances and he admitted to converting cocaine to crack. He was found responsible for eleven kilograms

of crack cocaine.  We find no error in the court's decision not to consider whether Bellamy was a minor participant.  See United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir. 1992) (A seller possesses "a central position in a drug distribution conspiracy," even if he participated in the conspiracy for a relatively brief period of time.); see also United States v. Daughtrey, 874 F.2d 213, 218-19 (4th Cir. 1989).

We review a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007).  The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range or treating the Guidelines as mandatory.  Id.  We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances.  Id.  When reviewing a sentence on appeal, we presume a sentence within a properly calculated Guidelines range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).  There was no procedural error at sentencing and we find Bellamy's sentence within the Guidelines was reasonable.

Accordingly, we affirm.  In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Bellamy's conviction and sentence.  This court requires counsel inform his

4

client, in writing, of the right to petition the Supreme Court of the United States for further review.  If he requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bellamy.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED