**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6235**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK BELLAMY, a/k/a Big Mark,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:03-cr-00474-RBH-3)

Submitted: June 14, 2018

Decided: June 27, 2018

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mark Bellamy, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Bellamy appeals from the district court's text order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). The district court determined that Bellamy's career offender status under the Sentencing Guidelines left him ineligible for a sentence reduction. Because we conclude that Bellamy was eligible for a sentence reduction, we vacate the court's text order and remand for further proceedings.

Bellamy pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack cocaine), and 5 kilograms or more of cocaine. *See* 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). The presentence report indicated that Bellamy was responsible for 11 kilograms of crack cocaine, resulting in a base offense level of 38. The PSR further indicated that Bellamy was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2002). However, his base offense level did not change because it was higher than the career offender base offense level. Because 3 levels were deducted for acceptance of responsibility, Bellamy's total offense level was 35. Based on Bellamy's criminal history and his career offender status, he was placed in criminal history category VI. With a total offense level of 35 and criminal history category of VI, Bellamy's Guidelines sentence was 292 to 365 months' imprisonment. Bellamy was sentenced to life imprisonment.

In 2006, Bellamy's sentence was vacated and remanded to the district court for resentencing after the Government indicated that there was an error in the 18 U.S.C. § 851 (2012) notice. The district court resentenced Bellamy to 292 months' imprisonment, the

low end of the Guidelines sentence, which this court affirmed. *United States v. Bellamy*, 336 F. App'x 285 (4th Cir. 2009) (No. 06-5094).

In May 2017, Bellamy filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), claiming that he was entitled to resentencing based on retroactive application of Amendment 782 to the Guidelines, which reduced the offense levels for crack cocaine offenses. According to Bellamy, his total offense level should be 33 and his Guidelines sentence should be 235 to 293 months' imprisonment. The district court denied the motion, stating that Bellamy's career offender status prevented the court from reducing his sentence.

A district court may reduce a prison sentence if the defendant's Guidelines sentencing range "has subsequently been lowered by the Sentencing Commission" and the reduction "is consistent with applicable policy statements." 18 U.S.C. § 3582(c)(2). "In considering whether and by how much to reduce a sentence under § 3582(c)(2), a district court follows a two-step inquiry." *United States v. Muldrow*, 844 F.3d 434, 438 (4th Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). The court first follows the Sentencing Commission's instructions in USSG § 1B1.10 (2016) to determine whether the prisoner is eligible for a sentence reduction and the extent of the reduction authorized. *Id.* A reduction is not authorized under § 3582(c)(2) if "[a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). "To determine whether a particular amendment has that effect, the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline application decisions unaffected.'" *United*

3

*States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (quoting USSG 1B1.10(b)(1)). The district court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). "At step two, a district court considers relevant sentencing factors to determine whether, in its discretion, a reduction 'is warranted in whole or in part under the particular circumstances of the case.'" *Muldrow*, 844 F.3d at 438 (quoting *Dillon*, 560 U.S. at 827). We review a court's decision for abuse of discretion and its ruling on the scope of its legal authority de novo. *Id.* at 437.

Although Bellamy was determined to be a career offender, his Guidelines range was determined with reference to the quantity of drugs attributed to him under USSG § 2D1.1 because the offense level relating to the career offender designation was lower. *See* USSG § 4B1.1(b) ("[I]f the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [generated by the career offender designation] shall apply."). Bellamy's offense level determined by reference to the drug quantity was 38; the career offender guideline was 37. Thus, Bellamy's sentence was, in fact, based on a guideline range that was subsequently lowered by Amendment 782. Accordingly, the district court's finding that Bellamy was ineligible for a sentence reduction is erroneous.

Applying the amended drug quantity table in § 2D1.1 results in a base offense level of 36, based on 11 kilograms of crack cocaine. Bellamy's career offender guideline requires a base offense level of 37. Because the offense level under the career offender guideline is higher than the level determined by reference to the drug quantity, Bellamy's

4

base offense level can be no lower than 37. After a 3-level reduction for acceptance of responsibility, Bellamy's total offense level would be 34 and, at criminal history category VI, his Guidelines sentencing range would be 262 to 327 months. Because application of Amendment 782 to Bellamy's Guidelines sentence results in a sentencing range that is lower than the range applicable before the amendment, Bellamy is eligible for a sentence reduction under § 3582(c). Because the district court mistakenly concluded that it was not so authorized, we vacate the district court's order and remand for the district court to determine whether the reduction should be applied in Bellamy's case.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We determine in this opinion that a reduction is authorized; we express no opinion as to whether a reduction in Bellamy's sentence is warranted. *See United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010) (providing that determination of whether to grant reduction of sentence authorized under § 3582(c) is within discretion of the district court).

5